Maxon R. Davis
DAVIS, HATLEY, HAFFEMAN &TIGHE, P.C.
The Milwaukee Station
101 River Dr. N., 3rd Floor
Great Falls, MT 59401
Telephone: (406) 761-5243
Facsimile: (406) 761-4126
Email: max.davis@dhhtlaw.com
*Attorneys for Plaintiffs Bradley B. Talcott,*
*Linda K. Caricaburu, James Talcott Construction Inc.,*
*the Bradley B. Talcott Living Trust, and*
*the Linda K. Caricaburu Living Trust*

2021 AUG 12 AM 10: 25

FILED

BY _____

## MONTANA EIGHTH JUDICIAL DISTRICT COURT
## CASCADE COUNTY

| | |
|---|---|
| BRADLEY B. TALCOTT, and LINDA K. CARICABURU, and JAMES TALCOTT CONSTRUCTION INC., THE BRADLEY TALCOTT LIVING TRUST DATED JUNE 18, 2013, AND THE LINDA K. CARICABURU LIVING TRUST DATED JUNE 18, 2013,<br><br>Plaintiff,<br><br>v.<br><br>MARSH & McLENNON AGENCY, LLC,<br><br>Defendant. | No. **D DV-21-0432**<br><br>Hon. **JOHN W. PARKER**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs, Bradley B. Talcott, Linda K. Caricaburu, James Talcott Construction Inc., the Bradley B. Talcott Living Trust dated June 18, 2013, and the Linda K. Caricaburu Living Trust dated June 18, 2013, (herein collectively

Exhibit B - 1

called the "Talcotts"), and for their Complaint against Defendant Marsh & McLennon Agency, LLC, state and allege as follows:

1. Bradley B. Talcott is a resident of Great Falls, Cascade County, Montana.

2. Linda K. Caricaburu is a resident of Great Falls, Cascade County, Montana, and the wife of Bradley B. Talcott.

3. James Talcott Construction, Inc. ("JTC") is a Montana corporation in good standing with its principal place of business in Great Falls, Cascade County, Montana.

4. Marsh & McLennon Agency, LLC, is the successor by merger of PayneWest Insurance Co. ("PayneWest").

5. PayneWest was a Montana corporation that conducted insurance business in Montana.

6. Jurisdiction is proper in this Court.

7. Venue is proper in this Court.

8. Since May of 1981, Bradley B. Talcott ("Mr. Talcott") has been the President of JTC which operates as a general building construction company engaged primarily in the construction of commercial and governmental building and public works projects across the Pacific Northwest.

9. Liberty Mutual Insurance Company is an insurance company that is part of the Liberty Mutual Group ("Liberty Mutual").

10. For over fifteen years before 2017, JTC obtained performance bonds from Liberty Mutual for projects on which it served as a general contractor.

11. JTC never caused Liberty Mutual to pay any sum of money as the surety on any of those projects.

12. PayneWest has acted as Liberty Mutual's agent for the issuance of construction performance bonds for construction projects being built by Montana contractors.

13. On or about June 30, 2017, JTC sold its assets to Talcott Holdings Inc. and Talcott Construction Inc., ("TCI").

14. On or about April 17, 2017, the Talcotts, jointly and severally, entered into a General Agreement of Indemnity ("GAI"), as indemnitors in favor of Liberty Mutual. The GAI was prepared by PayneWest.

15. The GAI specifically named TCI as an entity for which the GAI was provided and was obtained by PayneWest for Liberty Mutual on the basis that PayneWest was aware that JTC was about to sell its assets to TCI.

16. Payne West added Talcotts as indemnitors on the GAI because it knew that neither it nor Liberty Mutual as its principal had any pre-existing business relationship with TCI and that TCI was not bondable in April, 2017.

3

17. At the time that the GAI was executed in April, 2017, TCI was not yet in business, and Liberty Mutual accordingly had not been asked to issue any performance bonds for projects on which TCI was the contractor.

18. In April 2017, Liberty Mutual had then incurred no financial liabilities for which an indemnitor would need to reimburse Liberty Mutual under the GAI for payments which Liberty Mutual had then needed to make as a surety based upon any acts or omissions of TCI.

19. Paragraph 20 of the GAI granted Talcotts the right to terminate their indemnity obligations on 20 days written notice.

20. PayneWest, as an agent for Liberty Mutual, issued Performance Bond Number 67S01456, (the "Bond"), in the amount of Seven Million, Eight Hundred Fifty Thousand, Eight Hundred Eighty-Five and No/100 U.S. Dollars, ($7,850,885.00). TCI was the Contractor and Principal named on that bond. The Bond was issued for work to be performed by TCI on the Mainstay Suites project in Great Falls, Montana.

21. PayneWest issued the Bond on January 24, 2018.

22. PayneWest was required to obtain Liberty Mutual's approval for any performance bond which it issued with Liberty Mutual as surety.

23. PayneWest failed to obtain Liberty Mutual's approval for the Bond at any time on or before January 24, 2018.

4

24. At the time that PayneWest issued the Bond, it knew that its principal Liberty Mutual held the GAI executed by Plaintiffs.

25. PayneWest had no information in its possession in January, 2018, demonstrating that TCI was then financially solvent and capable of completing the Mainstay Suites project for which the Bond had been issued.

26. In fact, on January 24, 2018, TCI was insolvent.

27. PayneWest had not received TCI's November 30, 2017, financial statement, as of January 24, 2018. PayneWest only received that November 30, 2017, TCI financial statement on February 14, 2018.

28. The November 30, 2017, financial statement for TCI listed a loss of over Two Million and No/100 U.S. Dollars, ($2,000,000.00).

29. TCI failed to submit financial statements to PayneWest for the month of December 2017.

30. TCI failed to submit a 2017 year-end audit to PayneWest within nne hundred twenty (120) days of the year's ending.

31. PayneWest never received a finalized report of the TCI's independent auditors or consolidated financial statements for TCI for 2017.

32. PayneWest did not have authority from Liberty Mutual to execute the Bond at the time that PayneWest issued the Bond and provided it to TCI, for it to also sign and then deliver to the project owner.

33. PayneWest did not report the Bond to Liberty Mutual within ten (10) working days after the Bond was executed by the parties.

34. Plaintiffs could have withdrawn from the GAI before Liberty Mutual sustained any financial losses for which it might look to Plaintiffs for indemnity.

35. Liberty Mutual did not approve the Bond until April 27, 2018.

36. By the time that Liberty Mutual approved the Bond, TCI was in fact even more insolvent than it had been when PayneWest delivered the Bond to TCI on January 24, 2018.

37. PayneWest had not conducted a sufficient investigation of TCI's ability to meet its obligations on the Mainstay Suite project when it issued the Bond.

38. PayneWest did not care about TCI's abilities in to perform its obligations on the Mainstay Suites project; rather it simply relied on the guaranties of Plaintiffs to protect its principal, Liberty Mutual, if Liberty Mutual were called upon to complete the Mainstay Suite project; PayneWest never communicated to Plaintiffs that it had issued the Bond on such a basis.

39. At no time, either before or after January 24, 2018, did PayneWest communicate to Plaintiffs information known exclusively to it which would have led any reasonable person to withdraw from his/her/its obligation to indemnify PayneWest's principal for yet-to-occur financial losses caused by TCI.

40. In fact, between January 24, 2018, and April 27, 2018, PayneWest withheld from Plaintiffs its knowledge that the Bond had been issued without Liberty Mutual's approval, in derogation of PayneWest's authority as Liberty Mutual's agent.

41. TCI failed to finish the Mainstay Suites Project. Even before it ceased working on the Mainstay Suites project, TCI had failed to pay numerous subcontractors and suppliers who performed labor or supplied materials on the project.

42. On July 24, 2019, Liberty Mutual sued Talcotts in the United States District Court for the District of Montana to enforce the GAI for the Mainstay Suites project as Case No. CV-19-50-GF-BMM.

**43.** Talcotts have sustained damages both because they had to reimburse Liberty Mutual for payments made by it to subcontractors and suppliers of TCI on the Mainstay Suites project and, in an effort to minimize its losses under the GAI, JTC completed that project. JTC did so essentially at its sole costs and expense. Those payments and expenses were incurred by JTC after it was sued by Liberty Mutual in July, 2019.

44. PayneWest owed Talcotts, who were indemnitors under the GAI, a duty of care when issuing any performance bond for TCI.

45. PayneWest breached this duty by issuing the Bond without first assessing TCI's current financial situation and knowing that TCI had not been submitting current financial information to PayneWest.

46. PayneWest also owed Talcotts a duty described in Restatement 2nd Torts, sec. 302A. The breach of that duty created an unreasonable risk of harm to Talcotts and in fact caused them damages.

47. PayneWest lacked any information that TCI was solvent in January, 2018, when the Bond was issued, and then withheld information from Plaintiffs which would have allowed Plaintiffs to either avoid or greatly reduce their indemnity obligations under the GAI for which Talcott might thereafter be called upon to indemnify PayneWest's principal, Liberty Mutual.

48. PayneWest's breach of its duties caused Talcotts to suffer damages. Those damages include all payments which they made to complete the Mainstay Suites project and the amounts which they have agreed to reimburse Liberty Mutual for payments which it has made related to that same project. Those damages exceed $2.7 million.

49. As the successor by merger of PayneWest, Defendant Marsh & McLennon Agency, LLC, is liable for all damages caused to Talcotts by the acts and omissions of PayneWest as described above.

WHEREFORE, Talcotts pray for a judgment against PayneWest as follows:

1. For an award of damages, both special and general;

2. For Plaintiffs' costs and disbursements; and

2. For any such further and other relief as this Court may deem just.

DATED this 12th day of August, 2021.

DAVIS, HATLEY, HAFFEMAN &TIGHE, P.C.

By: *(signature)*

Maxon R. Davis
The Milwaukee Station, 3rd Floor
101 River Dr. North
Great Falls, MT 59101
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Talcotts hereby demand a trial by jury on all issues so triable in this matter.

DATED this 12th day of August, 2021.

DAVIS, HATLEY, HAFFEMAN &TIGHE, P.C.

By: *(signature)*

Maxon R. Davis
The Milwaukee Station, 3rd Floor
101 River Dr. North
Great Falls, MT 59101
*Attorneys for Plaintiffs*